UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LaKendrea Camille McNealy, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Gerber Products Company,<br><br>Defendant. | Case No. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br>Pursuant to Class Action Fairness Act and Diversity Jurisdiction<br>28 U.S.C. §§ 1332(a), 1332(d)(2), 1441(a), 1453(b) |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Gerber Products Company ("Defendant") hereby removes this civil action from the First Judicial District, Dakota County, Minnesota, where the action is pending, to the United States District Court for the District of Minnesota. As grounds for the removal, Defendant states as follows:

1. On February 8, 2021, plaintiff LaKendrea Camille McNealy ("Plaintiff") commenced this putative class action by filing and serving on Defendant a putative class action complaint ("Complaint") styled *LaKendrea Camille McNealy v. Gerber Products Company*, Case No. 19HA-CV-21-360, Dakota County (Minnesota) District Court ("State Court Action"). The Complaint principally alleges Defendant represented to consumers that various food products were nutritious, healthy, and safe, and failed to fully disclose the presence (or risk) of heavy metals. Compl. ¶¶ 5-8.

2. Plaintiff alleges she "first purchased [certain products] in January 2015 and last purchased [certain products] in January 2021" and she "stopped purchasing [the products] once she learned of the risk and/or actual inclusion of heavy metals in the [products]." *Id.* ¶ 14.

3. As explained more fully below, removal is proper because Defendant satisfies the procedural requirements for removal under 28 U.S.C. § 1446, the court has subject-matter jurisdiction of this putative class action pursuant to 28 U.S.C. §§ 1332 and 1441, and venue is proper in this district.

## PROCEDURAL REQUIREMENTS

4. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint and its accompanying summons is attached to this Notice of Removal as **Exhibit A**. These documents constitute the entirety of all process, pleadings, and orders served on Defendant in the State Court Action.

5. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely, as Defendant filed it within 30 days after Defendant first received service of the Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-56 (1999) (removal period is triggered by simultaneous service of a summons and complaint, or receipt of a complaint through formal service).

6. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly serve on all counsel of record and deliver to the Judicial District Administrator of the First Judicial District, Dakota County, Minnesota, a copy of this Notice of Removal and its accompanying exhibits.

## SUBJECT-MATTER JURISDICTION

7. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions." *Id.; see also Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-65 (8th Cir. 2016) (same).

8. This action may be removed to the United States District Court for the District of Minnesota on two separate grounds. First, the Complaint is brought on behalf of a putative class that gives rise to jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d). Second, the Complaint is removable because the Court has original jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332(a).

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d) BECAUSE THIS COURT HAS JURISDICTION UNDER CAFA

9. This action is within the original jurisdiction of this Court, and removal is, therefore, proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). "A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019). CAFA expands federal diversity jurisdiction to include class actions in which: (i) the putative class contains at least 100 members; (ii) there is minimal diversity, *i.e.*, any member of the putative class of plaintiffs is a

citizen of a state different from any defendant; and (iii) the amount in controversy exceeds the sum or value of $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013) (listing elements of federal subject-matter jurisdiction under § 1332(d)).

10. The Supreme Court in *Dart Cherokee* made clear that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." 135 S. Ct. at 554.

11. As explained more fully below, this action satisfies each requirement of section 1332(d)(2) for original CAFA jurisdiction.

## This Is a Covered Class Action

12. According to the Complaint, Plaintiff brings this action individually and on behalf of the following class "pursuant to Rules 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure":

> All citizens and residents of Minnesota who, from February 5, 2015 to the present, purchased the Contaminated Baby Foods for household or business use, and not for resale (the "Class").

Compl. ¶ 90; *see also id.*, Ex. 2 (attaching list of alleged "Contaminated Baby Foods" the putative class members allegedly purchased). As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a).

### There Are More than 100 Putative Class Members

13. According to the Complaint, the "members in the proposed Class are so numerous that individual joinder of all members is impracticable . . . ." Compl. ¶ 93. While Defendant does not sell directly to consumers and does not have data regarding the identities of consumers who purchased the products identified in the Complaint (*see* Compl., Ex. 2), the volume of retail sales of the products listed in Exhibit 2 to the Complaint in Minnesota during the proposed six-year class period confirms Plaintiff's proposed class includes in excess of 100 members. *See* Declaration of Russ Levitan ("Levitan Decl."), ¶¶ 5-13 (attached as **Exhibit B**).

### Minimal Diversity of Citizenship Exists

14. Plaintiff alleges she is a citizen of Minnesota. Compl. ¶ 14. Defendant is a corporation organized under the laws of the State of Michigan, with its principal place of business in Arlington, Virginia. *Id.* ¶ 17. Thus, the minimal diversity requirement of CAFA is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### The Amount in Controversy Exceeds $5 Million

15. As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. at 554. When "determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas*, 719 F.3d at 887 (internal quotation marks and citations omitted; emphasis in original). "When the

notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much." *Pirozzi*, 938 F.3d at 984 (internal quotation marks and citation omitted; emphasis in original).  In determining the amount in controversy, the court can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed, including evidence submitted in response to a motion to remand.  *Id.* at 985.

16. Here, Plaintiff alleges claims for monetary damages for herself and the putative class members that exceed CAFA's $5 million jurisdictional minimum.

17. Plaintiff principally alleges Defendant represented to consumers that various food products were nutritious, healthy, and safe, and failed to fully disclose the presence (or risk) of heavy metals.  Compl. ¶¶ 5-8.  Plaintiff also alleges she "would not have purchased the food if that information had been fully disclosed." *Id.* ¶ 15; *see also id.* ¶ 106 (alleging Plaintiff and putative class members purchased food products "they would not have purchased had they known of the risk and inclusion of Heavy Metals").

18. Plaintiff and the putative class members demand actual, statutory, and punitive damages, restitution, and disgorgement, among other relief.  *See* Compl., Prayer For Relief.  As shown in the Declaration of Russ Levitan (filed concurrently), Defendant's business records reflect consumers in Minnesota spent in excess of $5 million on the products listed in Exhibit 2 to the Complaint during each year of the proposed class period.  *See* Levitan Decl., ¶¶ 5-13.

19. Accordingly, based on the facts in this Notice of Removal and the Complaint's allegations, the amount in controversy in this case substantially exceeds $5 million, exclusive of interest and costs.

### CAFA's Exceptions Do Not Apply

20. The exceptions to removal under 28 U.S.C. § 1332(d) do not apply to this case.

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a) BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

21. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is diversity among the parties and the amount in controversy exceeds the sum or value of $75,000.

22. For purposes of determining the amount in controversy upon removal, the court assesses "not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002).

23. Punitive damages are included when determining the amount in controversy. *See, e.g.*, *Mathias v. Hettich*, No. 20-cv-1014 (SRN/LIB), 2020 U.S. Dist. LEXIS 175638, at *5 (D. Minn. Sep. 24, 2020).

24. Demands for restitution and statutory attorneys' fees are also included when determining the amount in controversy. *See Winters v. Winters,* No. 19-CV-3177-SRN-KMM, 2020 U.S. Dist. LEXIS 38436, at *17 n.9 (D. Minn. Feb. 11, 2020) (including relief for restitution when determining amount in controversy), *report and*

*recommendation adopted*, No. 19-cv-3177 (SRN/KMM), 2020 U.S. Dist. LEXIS 37398, at *1 (D. Minn. Mar. 3, 2020); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) (noting statutory attorneys' fees count towards amount in controversy); *Hillesheim v. Casey's Retail Co.*, No. 16-CV-0061 (PJS/FLN), 2016 U.S. Dist. LEXIS 87686, at *4-5 (D. Minn. July 6, 2016) (same, concluding "it is not legally impossible" that attorney's fees will exceed $75,000, "and that is what matters") (citations omitted).

### The Parties Are Diverse

25. Diversity exists under 28 U.S.C. § 1332(a)(1) when plaintiffs and defendant(s) are citizens of different states.

26. Plaintiff alleges she is a citizen of Minnesota. Compl. ¶ 14. Defendant is a corporation organized under the laws of the State of Michigan, with its principal place of business in Arlington, Virginia. *Id.* ¶ 17. Thus, diversity exists because Plaintiff is a citizen of a different state than Defendant.

### Plaintiff Seeks Relief in Excess of $75,000

27. Although Plaintiff does not specify in the Complaint the amount of relief she seeks, it is apparent from the face of the Complaint that she seeks relief in excess of $75,000.

28. Plaintiff alleges she purchased Defendant's products for six years. Compl. ¶ 14.

29. In her Complaint, Plaintiff demands "restitution," "[a]n order requiring Defendant to disgorge or return all monies, revenues, and profits obtained[,]" "actual and

statutory damages," "punitive damages," "attorneys' fees and costs," permanent injunctive relief, and "other such equitable relief on behalf of herself and the putative class. *Id.* at pp. 41-42, Prayer For Relief. It is apparent from the face of the Complaint that Plaintiff seeks relief in excess of $75,000 because Plaintiff seeks, among other relief, compensatory damages, attorneys' fees, penalties, and injunctive relief. Because all of the requirements of 28 U.S.C. § 1332(a) are met, Defendant is entitled to remove this action to this Court.

## VENUE

30.    The United States District Court for the District of Minnesota, Third Division, is the federal judicial district and division thereof embracing the First Judicial District, Dakota County, Minnesota, where Plaintiff filed the State Court Action. Venue is therefore proper under 28 U.S.C. § 103(3).

## RESERVATION OF RIGHTS

31.    As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action. By removing this action, Defendant does not waive any rights or defenses available under state or federal law. Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Complaint and any and all arguments in opposition to class certification. Defendant further reserves the right to amend or supplement this Notice of Removal.

32.    No statement in this Notice of Removal should be construed as an admission that the Complaint's allegations have merit or are sufficient to state a claim.

Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiff or any other putative class member has demanded or is entitled to relief.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court under CAFA and under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the matter in controversy exceeds the sum or value of $75,000.

Dated:  March 8, 2021

**ANTHONY OSTLUND
BAER & LOUWAGIE P.A.**

 s/ Arthur G. Boylan
Arthur G. Boylan (#338229)
Norman H. Pentelovitch (#0399095)
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone:  (612) 349-6969
Facsimile:  (612) 349-6996
aboylan@anthonyostlund.com
npentelovitch@antonyostlund.com

**WHITE & CASE LLP**

 s/ Bryan A. Merryman
Bryan A. Merryman
(*pro hac vice* forthcoming)
555 South Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329
bmerryman@whitecase.com

**ATTORNEYS FOR DEFENDANT
GERBER PRODUCTS COMPANY**